IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | NO. 6:07CR98(3) |
| | § | |
| ANDRES SOSA-SAUCEDO | § | |

**PLEA AGREEMENT**

Defendant, ANDRES SOSA-SAUCEDO, Defendant's attorney, and the United States Attorney for the Eastern District of Texas agree to the following:

1. **RIGHTS OF THE DEFENDANT**: Defendant understands that Defendant has the right

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have Defendant's guilt proved beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses for the defense; and

   e. to not be compelled to testify.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: Defendant waives these rights and agrees to enter a plea of guilty to Count 1 of the Indictment, which charges a violation of 21 U.S.C. § 846, Conspiracy to possess with intent to distribute and distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, five kilograms or more of cocaine and more than 1000 marijuana plants. Defendant understands the nature and elements of the crime

1

to which guilt is admitted and agrees that the factual resume Defendant has signed, attached hereto and incorporated herein as Exhibit A, is true and will be submitted as evidence.

3. **Sentence**: The minimum and maximum penalties the Court can impose include:

   a. imprisonment for a period not less than 10 years, and not more than life;

   b. a fine not to exceed $4,000,000, or twice any pecuniary gain to Defendant or loss to victim(s);

   c. a term of supervised release of at least 5 years, which is mandatory under the law and will follow any term of imprisonment. If Defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

   d. a mandatory special assessment of $100, which must be paid by cashier's check or money order to the United States District Clerk **before sentencing**;

   f. costs of incarceration and supervision.

4. **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES**: Defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. Sentencing Guidelines Manual. The guidelines are not binding on the Court, but are advisory only. Defendant has reviewed the guidelines with counsel and understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Defendant will not be allowed to withdraw the plea if the sentence is higher than expected, so long as it is within the statutory maximum. Defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

5. **GUIDELINE STIPULATIONS**: The parties stipulate to the following factors that may affect the appropriate sentencing range in this case:

2

a. The base offense level under U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) is 32 based on the Defendant being responsible for at least 5KG but less than 15 KG of Cocaine;

b. A reduction of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office. **If circumstances indicating that the Defendant has not accepted responsibility become known after entry of this agreement, this stipulation is void and Defendant may object to the failure of the Presentence Report to recommend the reduction. Additionally, the Government's request to decrease the offense level by *one* additional level in accordance with U.S.S.G. § 3E1.1(b) is contingent on the Defendant clearly demonstrating that Defendant has accepted responsibility for Defendant's offense conduct.**

The parties understand that the Court is not bound by these agreements. At sentencing, the Government will argue that the Defendant receive a 2 level increase to his base offense level for possessing a firearm pursuant to U.S.S.G. § 2D1.1(b)(1) and the Defendant will argue that this increase does not apply.

6. **FORFEITURE:** Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to all property listed in the Notice of Intent to Seek Criminal Forfeiture in the Indictment and the Bill of Particulars filed in this case on December 3, 2007; to cash proceeds in the amount of $1,000,000; and to any firearms or other property seized by law enforcement as a part of the investigation, all of which is subject to forfeiture pursuant to 21 U.S.C. § 853. Defendant agrees that the above described property is subject to forfeiture to the Government pursuant to the aforementioned statute. Defendant agrees to fully assist the Government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer his interest in any of the above property to the United States, and take whatever

steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant agrees to waive his right to notice of any forfeiture proceeding involving his property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. Defendant agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions. Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to the forfeiture.

7. **DEFENDANT'S COOPERATION**: Defendant may cooperate with the Government by giving truthful and complete information and/or testimony concerning Defendant's participation in the offense of conviction and knowledge of criminal activities. The Defendant understands that intentionally providing false information or testimony to implicate an innocent person in the commission of a crime or to protect a guilty person, and/or exaggerating the involvement of any person in a crime in order to appear cooperative will be a material violation of this agreement. Upon request, Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the United States Probation Office regarding Defendant's capacity to satisfy any fines or restitution. The Defendant also agrees to comply with all relevant Orders and Rules of the Court. The Government will advise the Court of the extent of Defendant's cooperation. Failure

to comply with this section can result in the rescission of this agreement, prosecution for the charges identified in paragraph 2 and for any other federal offenses the Defendant may have committed. Additionally, upon such failure, the Government may use any statements made by Defendant or leads derived therefrom against the Defendant in any proceeding.

8. **SUBSTANTIAL ASSISTANCE:** If, in its sole discretion, the Government determines that Defendant has provided substantial assistance in the investigation or prosecution of others, the United States will file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 or a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b). Defendant's cooperation does not automatically require the United States to request a downward departure or a reduction in sentence, and the time for filing such motion will be determined by the Government. **It is entirely within the Court's discretion as to what, if any, reduction in sentence Defendant will receive.**

9. **GOVERNMENT'S AGREEMENT:** The United States Attorney for the Eastern District of Texas agrees not to prosecute Defendant for any additional non-tax-related charges based upon the conduct underlying and related to Defendant's plea of guilty. After sentencing, the Government will dismiss any remaining charges against this Defendant.

10. **VIOLATION OF AGREEMENT:** Defendant understands that if Defendant violates any provision of this agreement, or if Defendant's guilty plea is vacated or withdrawn, the Government will be free from its obligations under this agreement and may prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution.

11. **VOLUNTARY PLEA:** This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this plea agreement.

5

12. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction and sentence on all grounds. Defendant further agrees not to contest the sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver itself.

13. **REPRESENTATION OF COUNSEL:** Defendant has thoroughly reviewed all legal and factual aspects of this case with Counsel and is fully satisfied with that lawyer's legal representation. Defendant has received satisfactory explanations from counsel concerning each paragraph of this plea agreement, each of the rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, Defendant concedes guilt and has concluded that it is in Defendant's best interest to enter into this agreement rather than proceeding to trial.

14. **LIMITATIONS ON THIS AGREEMENT:** This plea agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release Defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

15. **ENTIRETY OF AGREEMENT:** Defendant, Defendant's attorney, and the United States Attorney for the Eastern District of Texas acknowledge that this is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified

unless the modification is in writing and signed by all parties. No other promises have been made or implied.

JOHN L. RATCLIFFE
UNITED STATES ATTORNEY

Dated: 3/12/08

ALLEN H. HURST
Assistant United States Attorney

I have read (or had read to me and translated into the Spanish language) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 3-12-08

ANDRES SOSA-SAUCEDO
Defendant

I am Defendant's counsel, I have carefully reviewed every part of this Plea Agreement with Defendant with the aid of an interpreter who has translated from English to Spanish and from Spanish to English. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

Dated: 3-12-08

MITCHELL D. COLLINS
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | NO. 6:07CR98(3) |
| | § | |
| ANDRES SOSA-SAUCEDO | § | |

## ELEMENTS OF OFFENSE

You are charged in Count 1 of the Indictment with conspiracy to possess with intent to distribute and distribution of over 500 grams of methamphetamine, over 5 kilograms of cocaine, and over 1000 marijuana plants, in violation of Title 21, United States Code, Section 846.

The essential elements which must be proved beyond a reasonable doubt to establish a violation of this particular statute are:

1. That within the time frame alleged in Count 1 of the Indictment, two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute and did distribute more than 5 kilograms of cocaine, a Schedule II controlled substance;

2. That you knew of the unlawful purpose of the agreement; and

3. That you joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

# Exhibit A

## FACTUAL RESUME

IT IS HEREBY STIPULATED by ANDRES SOSA-SAUCEDO, also known as Llantas, Defendant herein, that the following facts are true and correct, and that Defendant understands and agrees, with the express consent of counsel, Mitchell D. Collins, that this factual resume may be used by the Court to determine whether his plea is voluntary and knowing and by the probation officer and Court to determine an appropriate sentence for the offense to which he is pleading guilty:

1. From a date prior to January of 2006 and continuing until at least October 11, 2007, I agreed with numerous persons to acquire and distribute cocaine within the Eastern District of Texas. I admit that I worked closely with co-conspirators associated with Juan Camacho Calderon to have cocaine distributed in the Tyler, Texas area.

2. On or about May 24, 2006, I distributed approximately 57 grams of cocaine of cocaine at my tire business located at 6164 Reynolds in Tyler, Texas. This business was called Andrews Used Tires.

3. During the time frame of the conspiracy, I admit that I distributed and/or joined with others in distributing at least 5 Kilograms but less than 15 Kilograms of Cocaine.

4. I admit that I also possessed two firearms, that is: a Mossberg shotgun, model M150D, 410 gauge, bearing serial number 247516 and a Savage shotgun, model 9478, 12 gauge, bearing serial number D095174 at my business/residence.

I have read this Factual Resume and the Plea Agreement in this matter and have reviewed them with my client with the assistance of an interpreter qualified to translate from English to

Spanish and from Spanish to English. Based upon my discussions with the Defendant, I am satisfied that he understands the terms and effects of the Factual Resume and the Plea Agreement and is signing this Factual Resume voluntarily.

Dated: 3-12-08

_____
MITCHELL D. COLLINS
Attorney for Defendant.

I have read (or had read to me with the assistance of a Spanish speaking interpreter) the Factual Resume and have carefully reviewed every part of it with my attorney. I fully understand and voluntarily agree to it.

Dated: 3-12-08

XSasa Andres Saucedo
ANDRES SOSA-SAUCEDO
Defendant

**EXHIBIT A**